IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| Schuylar Ray Davis,<br><br>  Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>  Respondents. | No. CV 05-3866-PHX-FJM(CRP)<br><br>**REPORT AND RECOMMENDATION** |

    On December 1, 2005, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket 1). Petitioner alleges the following grounds for relief:

1. That he was denied his right to compulsory process because counsel failed to fully interview witnesses in violation of the Sixth Amendment;

2. That he was denied his right to confront adverse witnesses because counsel failed to fully interview detectives and crime scene investigators in violation of the Sixth Amendment;

3. That he was denied effective assistance of counsel as guaranteed by the Sixth Amendment because counsel failed to
   a. present during trial and sentencing evidence of his mental illness or lengthy drug use,
   b. test evidence found in his truck,

1           c.      fully interview witnesses, and

2           d.      properly defend Petitioner due to his belief that Petitioner was guilty;

3     4.    That the police threw away exculpatory evidence seized at the crime scene in

4         violation of the Fourth Amendment.

On February 22, 2006, Respondent filed an Answer to Petition for Writ of Habeas Corpus. (Docket 8). Respondent argues that Petitioner's Petition should be dismissed as untimely. Respondent further argues that even if Petitioner's Petition was timely it should be dismissed for procedural default.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Charles R. Pyle for a report and recommendation. The Magistrate Judge recommends the District Court, after independent review of the record, enter an order finding that the Petition (Docket 1) was timely but denying the petition for failure to properly exhaust.

**FACTS**

After being found guilty by a jury of second-degree murder, Davis was sentenced to an aggravated term of twenty-two years on December 7, 2001. He timely filed a direct appeal raising two grounds: 1) the trial court erred by excluding evidence to support a third-party culpability defense; and 2) the trial court erred by not giving a *Willits* instruction concerning the adverse inference that can be taken from the police failing to preserve evidence. On December 17, 2002, the Court of Appeals affirmed the conviction. No petition for review to the Arizona Supreme Court was filed.

On December 31, 2003, Petitioner filed a Notice of Post-Conviction Relief in state court. The subsequently filed petition, prepared by appointed counsel, raised only one issue, that trial counsel was ineffective at sentencing by failing to present evidence of Davis' mental condition in mitigation. An amended petition raised a *Blakely* sentencing issue. Both claims were denied by the trial court on December 4, 2004.

Davis timely filed a *pro per* petition for review to the State Court of Appeals. In the petition for review, the *Blakely* issue was not raised. On September 27, 2005, the Arizona Court of Appeals denied review. Davis attempted to file a motion for reconsideration of the

1  denial of the petition for review. The clerk of the court rejected the filing as non-compliant
2  with Rule 31.18(d), Ariz.R.Crim.P., and returned the motion to Davis in a letter dated
3  October 28, 2005, advising Petitioner he had until November 1, 2005, to file a petition for
4  review to the Arizona Supreme Court. No petition for review to the Supreme Court was
5  filed.
6      On November 12, 2005, Davis filed the Petition that is before this Court.
7  **ANALYSIS**
8      *Timeliness*
9      Respondent argues that the Petition was filed 29 days too late. This Court disagrees.
10     A one-year statute of limitations applies to federal habeas petitions filed by state
11 prisoners, and the limitations period begins to run on "the date on which the judgment
12 became final by the conclusion of direct review or the expiration of the time for seeking such
13 review." 28 U.S.C. § 2244(d)(1)(A). Because Davis failed to file a petition for review by the
14 Arizona Supreme Court on his direct appeal, the limitations period began to run the day after
15 the thirty days to file the petition for review expired, or January 17, 2003. *Wixon v.
16 Washington*, 264 F.2d 894, 898 (9th Cir.2001), *cert. denied*, 534 U.S. 1143 (2002).
17     The limitations period is tolled during the time in "which a *properly filed* application
18 for state post-conviction" relief is pending. 28 U.S.C. § 2244(d)(2) (emphasis added). In this
19 case, 349 days passed between, and including, January 17, 2003 and December 31, 2003.
20 Thus, sixteen days remained in the limitations period when the notice of post-conviction
21 relief was filed.
22     Davis' Rule 32 petition was denied, first by the trial court, and then by the Arizona
23 Court of Appeals on September 27, 2005. If the limitations period begins to run again on
24 September 28, 2005, this Petition, filed on November 12, 2005, is clearly barred by the
25 limitations period. Two potential arguments could extend the tolling period.
26     First, it could be argued that the motion for reconsideration of the order of the Court
27 of Appeals denying the petition for review extended the tolling period. However, the
28 Arizona procedural rules explicitly establish that no party, without leave of court, shall file

- 3 -

1 a motion for reconsideration of an order denying a petition for review. Rule 31.18(d)(2), Ariz.R.Crim.P. Thus, the clerk of the court was correct in not accepting the motion for filing. Therefore, the motion for reconsideration, which was never pending before the Court of Appeals, did not extend the tolling period. *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807 (2005).

Second, if the time to file a petition for review to the Arizona Supreme Court is included in the tolling period, Davis' Petition would be timely filed. Since that time period extends the time before which the limitations period *begins* to run, that argument may seem logical. However, the language concerning the starting of the limitations period, "the expiration of the time for seeking review," differs from the tolling provision, "time during which a properly filed application...is pending." 28 U.S.C. § 2241(d). The determinative issue in this case is whether Davis' Rule 32 proceeding was still "pending" during the time he could have requested review by the state supreme court.

Respondent argues Davis is not entitled to tolling for those 30 days for three reasons. First, Respondent argues the limitations period is not tolled for the ninety days the Petitioner had to file a petition for writ of certiorari with the United States Supreme Court. (Answer, p. 10). As noted in footnote 4 of Respondent's Answer, all courts that have considered this issue have decided the limitations period is not tolled for that ninety day period. *Stokes v. District Attorney of County of Philadelphia*, 247 F.3d 539, 542 (3rd Cir.2001). Two reasons are generally cited. First, comparing the language of 28 U.S.C. § 2244(d)(2) with § 2244(d)(1)(A), where the latter provision explicitly exempts periods where an appeal could have been filed, the former provision requires a "properly filed" pleading. *Gutierrez v. Schomig*, 233 F.3d 490, 492 (7th Cir.2000); *Stokes*, at 542.

Both *Gutierrez* and *Stokes* rely on *Isham v. Randle*, 226 F.3d 691 (6th Cir.2000). In *Isham*, the court stated that 2241(d)(1)(A) takes into account "the time during which a petition for writ of certiorari could be filed with the United States Supreme Court." *Isham*, at 695. While the distinction in language between § 2241(d)(1)(A) and § 2241(d)(2) could be argued to apply to this situation, the courts have only raised this distinction in the context

1 of tolling for the ninety day period where an application to the United States Supreme Court could be filed.

More importantly, these cases emphasize that a petition for certiorari is "simply not an application for state review of any kind." *Isham*, at 695; *see also*, *Gutierrez*, at 492, *Stokes*, at 542. That reasoning does not apply to the time period in which review in the state process is still procedurally allowed.

This Court concludes that the reasoning in *Isham*, *Gutierrez*, *Stokes* and many other cases that have disallowed the requested ninety day tolling, does not apply to the issue before this Court, whether the limitations period is tolled during the thirty days in which further review in state court is allowed. This conclusion is supported by the several circuits that have decided the limitations period is tolled for the period an appeal *could* have been sought in state court, but have also denied tolling for the ninety day petition for writ of certiorari time period. Compare, *Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir.2004), and *Rhine v. Boone*, 182 F.3d 1153, 1155(10th Cir.1999); *Jones v. Nagle*, 3439 F.3d 1305, 1308 (11th Cir.2003), and *Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir.2000), *cert denied* 531 U.S. 1166, 121 S.Ct. 1129 (2001); *Williams v. Burton*, 299 F.3d 981, 983 (8th Cir.2002), and *Snow v. Ault*, 238 F.3d 1033, 1035-1036 (8th Cir.2001); *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir.1999), and *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir.2001).

Respondent's second argument that tolling is not allowed for the thirty days is stated, in total, as follows:

> the exclusion of 30 days for filing a petition for review to the Arizona Supreme Court is appropriate only on direct review because a case is not final in Arizona until the expiration of the right to file a petition for writ of certiorari with the United States Supreme Court.

(Answer, p.10). No authority is cited for this argument and the Court does not understand what persuasiveness this general legal statement is supposed to have in this context.

Finally, Respondent argues that "the specific language of 28 U.S.C. § 2244(d)(2) provides that tolling occurs *only* when an application for collateral review is pending."

1  (Answer, pp.10-11) (emphasis in original). This is not even argument, but rather a statement
2  of the issue before the Court.

3  There appears to be no decision from the United States Court of Appeals for the Ninth
4  Circuit that is directly on point to this issue. The leading case in this Circuit interpreting the
5  term "pending" in § 2244(d)(2) is *Nino v. Galaza*, 183 F.3d 1003 (9th Cir.1999). *Nino*
6  involved a related issue faced by many courts in interpreting the limitations statute; does the
7  interval between the ruling and subsequent request for review in the various levels of the
8  state court review process toll the statute of limitations. In agreement with all other federal
9  courts to consider the issue, the Court in *Nino* decided that these intervals in the appellate
10 process after a ruling and before the appeal or request for review would toll the statute of
11 limitations. *Nino*, at 1006.

12 In coming to this conclusion, the court quoted language from *Barnett v. Lemaster*, 167
13 F.3d 1321, 1323 (10th Cir.1999), as follows:

> For these reasons, we join the Tenth and Eleventh Circuits in concluding that the AEDPA statute of limitations is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett*, 167 F.3d at 1323.

*Nino*, at 1006. It could be argued that the language adopted from *Barnett*, "the time during which a state prisoner is attempting" to exhaust state remedies, requires affirmative action by defendant. Thus, an appeal time that passes without an appeal is not indicative of an "attempt" to exhaust. Thus, tolling would not ensue for that time period.

This Court rejects that argument for a number of reasons. First, this is not a holding from the *Nino* case, but merely the adoption of a quote from another circuit's decision. The issue in *Nino* was not the same one before this Court. Secondly, as most other courts have, the Court in *Nino* was construing the term "pending" broadly, to include all the time involved in the state review process. Finally, the quoted language from the *Nino* decision indicates it is adopting the reasoning of the Tenth and Eleventh Circuit Courts of Appeal, both of which have decided that the time for filing appeal or review does toll the statute of

- 6 -

1 limitations, even if no appeal or petition for review is filed. *Jones v. Nagle*, at 1308 (11th
2 Cir.); *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000).

3       While there is no definitive ruling on point in this Circuit, the issue has been
4 considered in the Fourth, Eighth, Tenth, and Eleventh Circuits, all of which have decided that
5 an unused time for appeal does toll the statute of limitations. *Taylor v. Lee*, *supra*, at 561;
6 *Williams v. Bruton*, *supra*, at 983; *Serrano v. Williams*, *supra*, at 1185; *Gibson v. Klinger*,
7 *supra*, at 804; *Jones v. Nagle*, *supra*, at 1308.

8       The only Circuit deciding to the contrary is the Seventh. *Jones v. Hulick*, 449 F.3d
9 784, 789 (7th Cir.2006). In *Jones*, the Illinois Supreme Court, in considering Jones' state
10 petition for post-conviction relief, denied his petition for leave to appeal on February 5, 2003.
11 *Id.* at 788. Illinois procedure allowed Jones 21 days to file a petition for rehearing after a
12 ruling. *Id.* at 789. Jones filed his "motion for rehearing" one day late. *Id.* Had those twenty-
13 one days been tolled, Jones' federal petition would have been timely by two days. *Id.* at 788-
14 789. However, the Court declined to allow the time to petition for rehearing to toll the statute
15 of limitations, noting that:

16
17 > Illinois case law also provides, however, that a judgment is final when it is entered, and that the filing of a petition for rehearing does not alter the effective date of the judgment *unless the court allows the petition for rehearing*.
18
19 *Jones*, at 789 (emphasis in original). This Court does not agree that the effective date of
20 judgment is equivalent to when a case is "pending." Moreover, Arizona case law differs
21 from the Illinois law. *State v. Dalglish*, 183 Ariz. 188, 901 P.2d 1218 (App.1995) (appellate
22 ruling is final when mandate issues).

23       This Court agrees with other courts that the term "pending" should be broadly
24 construed. The facts of this case illustrate that the appeal time should toll the statute of
25 limitations. In Arizona, a defendant need not appeal beyond the state court of appeals to
26 exhaust remedies for Federal habeas purposes. *Swoops v. Sublett*, 196 F.3d 1008 (9th
27 Cir.1999). Therefore, in this case Davis had a strategic decision to make: proceed to review
28 with the state supreme court or proceed with Federal habeas review. Clearly, he should be

- 7 -

1 allowed the time for appeal to make that decision, and during that time it should be
2 considered that the petitioner is "attempting to exhaust state remedies."

3 Based on this analysis, particularly the opinions of the Fourth, Eighth, Tenth and
4 Eleventh Circuit Courts of Appeals, this Court determines that the thirty days to seek review
5 to the state supreme court tolls the statute of limitations, even though review was not
6 ultimately sought. Adding these 30 days of tolled time, the non-tolled time equals 364 days,
7 and the Petition was filed timely.

### *Exhaustion of State Remedies*

9 A petition for writ of habeas corpus shall not be granted unless petitioner has
10 "exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(1)(A). The
11 claims must be exhausted as federal claims. *Duncan v. Henry*, 513 U.S. 364, 365-366, 115
12 S.Ct. 887, 888 (1995). In Arizona, except in capital cases and cases with a sentence of life
13 imprisonment, the claim must be presented for review to the Court of Appeals, but review
14 by the Supreme Court is not required for exhaustion. *Swoopes*, *supra*. Habeas petitioners
15 who have failed to exhaust state remedies may be procedurally barred from doing so in the
16 future. *White v. Lewis*, 874 F.2d 599, 602-603 (9th Cir.1989).

17 The District Judge identified four issues raised by Davis in his Petition and
18 additionally identified four subparts to the third issue. (Order, Docket 3). Respondent claims
19 that Davis failed to exhaust state remedies on all of these issues, except 3(a).

20 In Davis' appeal two issues were raised. First, was it error for the trial judge to
21 disallow evidence of third-party culpability. This was raised as a federal claim. (Ex.D, p.18).
22 Secondly, was it error not to give a *Willits* instruction concerning the state's failure to
23 preserve evidence. This was not raised as a federal claim. (Ex.D, pp. 19-21).

24 In his amended petition for post-conviction relief in state court, Davis raised two
25 issues. First, Davis argued ineffective assistance of counsel in not having an expert
26 examination of the defendant so that testimony about his mental condition could be presented
27 in mitigation at sentencing. Secondly, Davis alleged the aggravated sentence was improper
28 under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531(2006). Both claims were

- 8 -

1  summarily denied by the trial court. A petition for review by the Court of Appeals was filed
2  which only sought review of the first issue.[1] (Ex.K). Nothing in the Petition for Review
3  indicates that the claim is presented as a federal claim.

4  Respondent is correct that the first two issues, denial of compulsory process and right
5  to confrontation because defense counsel failed to interview witnesses, were never raised to
6  the Arizona Court of Appeals. Davis has failed to exhaust his state remedies on these claims.

7  The Fourth issue raised in the Petition, that police threw away exculpatory evidence
8  from the crime scene, was raised in the *Willits* instruction issue on direct appeal, but it was
9  not raised as a federal claim. Petitioner has failed to exhaust state remedies on the fourth
10 issue in his Petition.

11 Issues 3(b); (c), and (d)[2], complain of ineffective assistance of counsel by not testing
12 evidence found in the truck, not fully interviewing witnesses, and not properly defending
13 Petitioner. None of these claims were raised in Davis' state post-conviction relief petition.
14 These claims were not exhausted in the State courts.

15 This leaves issue 3(a), the failure to present evidence of Davis' mental condition either
16 in mitigation at sentencing or to in some manner challenge the confession. This claim was
17 raised in the petition for post-conviction relief and in the petition for review to the State
18 court. But, in the petition for review, it was not raised as a federal claim in any manner, not
19 even by a broad, conclusory reference to the United States Constitution. Therefore, Davis
20 failed to exhaust this claim as a federal claim. *Castillo v. McFadden*, 399 F.3d 993 (9th
21 Cir.2005).

---

[1] Petitioner's direct appeal was final on January 6, 2003, more than a year before *Blakely* was decided. The Courts have not applied *Blakely* retroactively, which Davis seems to have accepted.

[2] As identified in the Court's order, Docket 3. Respondent seems to identify issue 3(a) as 3(b) in its Answer.

- 9 -

1   All of these unexhausted claims are now procedurally barred and cannot be pursued in state court. Rule 32.2(a)(3), Ariz.R.Crim.P.; *State v. Curtis*, 185 Ariz. 112, 113, 912 P.2d 1341, 1342 (App.1995).

Nor can Davis establish cause and prejudice to avoid the impact of the procedural bar. He was represented by counsel up to his *pro per* filing of the petition for review of the denial of the petition for post-conviction relief, so cause related to the procedural default would be difficult to establish. Moreover, it would be more difficult to establish prejudice. The crime was particularly gruesome and senseless. Defense counsel's efforts succeeded in avoiding a conviction for first degree murder. An aggravated sentence in these circumstances seems unavoidable. Moreover, the trial court decision on the petition for post-conviction relief notes:

> the Court will not second guess defendant's attorney's strategic decisions and since defendant was not tested at Duncan's (defense counsel) request, this Court infers that counsel's decision not to address defendant's mental status was a strategic decision.

(Ex.A, 134). Clearly, a reasonable and competent attorney could conclude that the mental health information could exacerbate the situation, cause greater concern in the sentencing judge's mind concerning safety of the community, and lead to a longer sentence. In this case, there is no cause and prejudice to avoid the procedural bar.

**CONCLUSION**

Because Davis did not properly exhaust his claims in the state court, or fairly present the ineffective assistance of counsel claim as a federal claim, and is now procedurally barred from raising those issues in state court, the writ should not issue and the Petition should be denied with prejudice.

Therefore, it is the report and recommendation of this Court that the District Judge, after his independent review and consideration, issue an order as follows:

1. Finding that the Petition was timely filed.
2. Finding that Davis failed to exhaust state remedies by not presenting the claims as federal claims to the Arizona Court of Appeals.

1  3. Finding that Davis is now procedurally barred from raising these claims in
2     state court.
3  4. Finding that Davis cannot show cause and prejudice to avoid the procedural
4     bar.
5  5. Ordering that the application for the writ is denied and the Petition is dismissed
6     with prejudice.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9 th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003). If objections are filed, the parties should direct them to the District Court by using the following case number: **CV 05-3866-PHX-FJM**.

DATED this 19th day of April, 2007.

*[signature]*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE

- 11 -